IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ORION REFINING CORPORATION, | ) | Case No. 03-11483 (MFW) |
| | ) | |
| Debtor. | ) | **Hrg. Date: 6/5/03 @ 1:00 p.m.** |
| | ) | **Obj. Due: 5/29/03 @ 4:00 p.m.** |

## MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 363 AND 105 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DEVELOPMENT SPECIALISTS, INC. AS RESTRUCTURING CONSULTANT TO THE DEBTOR AND DEBTOR IN POSSESSION NUNC PRO TUNC TO MAY 13, 2003

Orion Refining Corporation, debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby moves (the "Motion") for an order pursuant to sections 363 and 105 of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the employment and retention of Development Specialists, Inc. ("DSI") as restructuring consultant to the Debtor, including the appointment of Steven L. Victor as Chief Restructuring Officer of the Debtor, nunc pro tunc to May 13, 2003. In support of this Motion, the Debtor submits the Declaration of Steven L. Victor (the "Victor Declaration"), a member of the professional staff of DSI's Chicago office, which is annexed hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

### Introduction

1. On May 13, 2003 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee, examiner, or creditors' committee has yet been appointed in this case. The

Debtor is operating its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code.

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of Richard S. Rayzor in Support of First Day Relief [D.I. 4] (the "Rayzor Declaration") filed on May 13, 2003 and incorporated herein by reference.

### Relief Requested

5. By this Motion, the Debtor seeks to continue to employ and to retain DSI pursuant to sections 363 and 105 of the Bankruptcy Code as its restructuring consultant in this Chapter 11 case nunc pro tunc to May 13, 2003, as more fully described below.

6. This Motion is supported by a resolution of the Debtor's current board of directors. DSI was not involved in voting on or passing such resolution.

7. The compensation arrangement provided for in the DSI Agreement is consistent with and typical of arrangements entered into by DSI and other restructuring consulting firms with respect to rendering similar services for clients such as the Debtor.

8. The Debtor believes that DSI is well qualified and able to represent the Debtor in a cost-effective, efficient, and timely manner. DSI has indicated a willingness to act on behalf of the Debtor and to subject itself to the jurisdiction and supervision of the Court.

## DSI's Qualifications

9. DSI has extensive experience in providing restructuring consultating and management services to financially troubled organizations. Since its incorporation in 1976, DSI has provided interim management and advisory services to companies experiencing financial and operating difficulties. DSI has recently provided interim management services in a number of large and mid-size bankruptcy restructurings, including: In re 3dfx Interactive, Inc., Case No. 02-55795 (Bankr. N.D. Cal. Oct 15, 2002); In re Meyer Medical Physicians Group Ltd., Case No. 02-18237 (Bankr. N.D. Ill. May 8, 2002); In re BCP Management, Inc., Case No. 02-10875 (PJW) (Bankr. D. Del. March 22, 2002); In re Valeo Electrical Systems Sales & Marketing L.L.C., Case No. 01-16249 (Bankr. S.D.N.Y. Dec. 14, 2001); In re Malden Mills Industries, Inc., Case No. 01-47214 (Bankr. D. Mass. Nov. 29, 2001); In re Pacific Gateway Exchange, Inc., Case No. 00-33019 (Bankr. N.D. Cal. Dec. 29, 2000); In re Tri Valley Growers, Case No. 00-44089 (Bankr. N.D. Cal. Dec. 29, 2000).

10. Steven L. Victor,[1] a member of the professional staff of DSI's Chicago office since 1988, has had the opportunity to administer and oversee the operations of a number of manufacturing/processing companies in a variety of situations including Chapter 7 Bankruptcy, Chapter 11 Bankruptcy, workout situations, general consulting engagements and through a variety of out-of-court liquidation scenarios. Since joining DSI, Mr. Victor has assumed the operating responsibility and/or CFO functions for a publicly-traded recreational manufacturer, a publicly-traded specialty petroleum product refinery and a mortgage-servicing company. During

---

[1] Mr. Victor received a Bachelor of Science degree in investment banking and real estate from the University of Illinois and a Masters in Business Administration degree from the University of Southern California. Mr. Victor's strengths include financial analysis, budgeting, business valuations, marketing services, and resource management.

his tenure, Mr. Victor has provided interim management services to one of the largest 7-11 franchisees in the country as well as to the market's largest manufacturer/distributor of artificial nails and polishes. In addition, Mr. Victor assumed a post-bankruptcy/receivership role as CFO for an international multi-debtor food diverter that had been involved in Southern Florida's largest "Ponzi" fraud scheme. Mr. Victor has also served in a consulting role for a residential home manufacturer, a bank, a luxury resort, various general contractors, retailers and printing companies.

11. Since April, 2003, DSI has rendered restructuring consulting services to the Debtor in connection with its restructuring efforts. DSI has become thoroughly familiar with the Debtor's operations and is well qualified to represent the Debtor as restructuring consultant in connection with such matters in a cost-effective and efficient manner.

## DSI's Disinterestedness

12. To the best of the Debtor's knowledge, and as disclosed herein and in the Victor Declaration, a copy of which is attached hereto as Exhibit A, (a) DSI is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and holds no interest adverse to the Debtor and its estate for the matters for which DSI is to be employed and (b) DSI has no connection to the Debtor, its creditors or other related parties herein except as disclosed in the Victor Declaration.

13. DSI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or relationships are discovered, DSI will supplement its disclosure to the Court.

## Scope of Services

14. In April, 2003, the Debtor entered into a letter agreement with the Debtor (the "Employment Agreement"), a copy of which is attached hereto as Exhibit B, wherein DSI agreed to assist the Debtor in its restructuring process.

15. Under the Employment Agreement, DSI will provide such interim and restructuring services as the Debtor and DSI deem appropriate and feasible in order to advise the Debtor in the course of this Chapter 11 case. The Debtor believes that these services will not duplicate the services that are being provided to the Debtor in this case by any other professional.

16. Although Steven L. Victor is the on DSI staff member presently assigned to this engagement, DSI may also provide additional full time staff members and certain contract employees in connection with the Employment Agreement. The Debtor must be consulted if additional DSI staff is required, and the Employment Agreement must be amended, subject to Court approval, to alter the compensation arrangements in the event of such additional services.

17. The services to be provided by DSI in the course of this Chapter 11 case are set forth in the Employment Agreement, and may include, within the ambit of the description contained in the Employment Agreement, the following:

   (i) Steven L. Victor will serve as the Debtor's Chief Restructuring Officer with senior management status working as a member of the Debtor's senior management team and reporting to the Debtor's chief executive officer;

   (ii) ensure suitable productivity of the professionals who are assisting the Debtor in the reorganization process or who are working for one or more of the Debtor's stakeholders;

   (iii) provide leadership to the financial function including assisting the Debtor in strengthening the core competencies of the Debtor's finance organization;

   (iv) oversee development of an operating business plan to be used, in managing the Debtor for the current year as well as for future years, which will be used in developing a plan of reorganization or liquidation;

(v) assist in developing and implementing cash management strategies, tactics and processes. Work with the Debtor's treasury department and other professionals and coordinate the activities of the representatives of other constituencies in the cash management process.

(vi) manage financial performance in conformity with the Debtor's business plan;

(vii) analyze and implement financing issues in conjunction with a plan of reorganization or liquidation or which otherwise arise from the Debtor's financing sources;

(viii) assist in developing the Debtor's plan of reorganization or liquidation;

(ix) providing testimony, as requested; and

(x) providing such other restructuring and advisory services as are customarily provided in connection with the analysis and negotiation of a restructuring, as requested and mutually agreed upon by the Debtor and DSI.

### Terms of Retention

18. DSI has agreed to represent the Debtor for compensation at the amounts agreed upon between the parties pursuant to the Employment Agreement. As more fully described in the Employment Agreement, in consideration of the restructuring consultation and for services provided by DSI, employing the services of Steven L. Victor, the Debtor has agreed to compensate DSI at a monthly rate of $75,000, plus out-of-pocket expenses. The hourly rates for any additional DSI staff are to be provided at DSI's regular hourly rates, with such employment and rates subject to Court approval of amendments to the Employment Agreement, upon the request of the Debtor for such additional services. DSI's hourly billing rates are in effect until January 1, 2004 and may be increased in accordance with the normal billing practices of DSI.

19. The Debtor paid a retainer of $150,000.00 to DSI upon commencement of work under the Employment Agreement to secure performance under the Employment Agreement. The retainer will be applied against the final fees and expenses specific to the

engagement. In addition to said retainer, DSI has been paid a total of $112,500 for work done prior to the Petition Date, as disclosed in the Declaration of Steven L. Victor Regarding Prepetition Payments Made to Development Specialists, Inc., a copy of which is attached hereto as Exhibit C.

20. DSI will maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services, including receipts for any individual expenditure in excess of $25.00.

21. On or after the 25th day of each calendar month, DSI will file a monthly report of compensation with the Bankruptcy Court detailing service to the Debtor (a "Monthly Compensation Report") and serve a copy of such Monthly Compensation Report on: (i) the Debtor, Orion Refining Corporation, P.O. Box 537, 15292 River Road, Norco, Louisiana 70079, (Attn: Richard S. Rayzor); (ii) counsel to the Debtor, Morris, Nichols, Arsht & Tunnell, 1201 N. Market Street, P.O. Box 1347, Wilmington, Delaware 19899; (Attn: Robert J. Dehney, Esq.); (iii) counsel for Credit Suisse First Boston, Cayman Islands Branch, Clifford Chance, 200 Park Avenue, New York, New York 10166-0153 (Attn: Simone Baker, Esq.), *and* Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, Wilmington, Delaware 19801 (Attn: Monica Loftin, Esq.); (iv) counsel for General Electric Capital Corporation, Weil, Gotshal & Manges LLP, 100 Crescent Court -Suite 1300, Dallas, Texas 75201, (Attn.: Stephen A. Youngman, Esq. and Angela L. Fontana, Esq.), *and* Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899, (Attn: Marc D. Collins, Esq.); (v) counsel for Morgan Stanley Capital Group, Inc., Cleary, Gottlieb, Steen & Hamilton, One Liberty Plaza, New York, New York 10006, (Attn: Lindsee P. Granfield, Esq.), *and* Ashby & Geddes, P.A., 222 Delaware Avenue, Wilmington, Delaware 19801 (Attn: William Bowden, Esq.); (vi) counsel to any statutorily appointed committees in these cases; and (vii) the United

States Trustee, Office of the United States Trustee, 844 King Street, Rm. 2313, Wilmington, Delaware 19801 (Attn: David L. Buchbinder, Esq.) (collectively, the "Notice Parties"). If no objection is filed to the Monthly Compensation Report within 20 days, the Debtor will be authorized to pay, in the ordinary course of its business, the amount invoiced to the Debtor by DSI for fees and expenses.

22. DSI will seek compensation and reimbursement of expenses, as specified above and in the Employment Agreement, with the payment of such fees and expenses to be approved in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of this Court; provided, however, that DSI will maintain detailed time records in increments of 0.1 hours.

23. Because DSI is not being employed as a professional under section 327 of the Bankruptcy Code, it will not be submitting quarterly fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. However, DSI will submit quarterly reports of compensation paid. Parties in interest shall have the right to object to fees paid when quarterly reports of compensation are filed with the Court. The first quarterly report shall be due on August 25, 2003 and shall cover the period to and including July 31, 2003. This procedure will continue at three-month intervals thereafter.

24. Steven L. Victor, as Chief Restructuring Officer of the Debtor, DSI and others described in the Employment Agreement will be entitled to the benefit of the indemnities provided in the Employment Agreement. The Debtor shall use its best efforts to specifically include and cover under the Debtor's directors' and officers' insurance policy those DSI employees serving as officers of the Debtor.

### Waiver of Memorandum of Law

25. As there are no novel issues of law presented herein, the Debtor waives its right to file a brief in support of the Motion pursuant to D. DEL. LR 7.1.2(A), incorporated by reference into the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware by DEL. BANKR. LR 1001-(B). Because of the nature of the relief requested in this Motion, the Debtor asserts that no briefing is required.

### Notice

26. Notice of the Hearing on this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the parties listed on the Debtor's list of its thirty (30) largest unsecured creditors; (c) counsel for Credit Suisse First Boston, Cayman Islands Branch; (d) counsel for General Electric Capital Corporation; (e) counsel for Morgan Stanley Capital Group, Inc.; (f) counsel for the Debtor's significant prepetition secured lenders; (g) counsel for Valero Energy Corporation; and (h) those persons that have requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice is necessary.

### No Prior Request

27. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit D</u> (i) authorizing the Debtor to continue to employ and retain DSI under the Employment Agreement, pursuant to sections 363 and 105 of the Bankruptcy Code and the terms of the Employment Agreement, <u>nunc pro tunc</u> to May 13, 2003; and (ii) granting the Debtor such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
May 21, 2003

ORION REFINING CORPORATION

By: _____
Name: Richard S. Royzck
Title: Sr. V.P & CFO

344987